UNITED STATES DISTRICT COURT FOR THE   JUDGE ENGELMAYER
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CLAUDE KUNSTENAAR as Father and Natural Guardian of ADRIANA KUNSTENAAR an Infant, and CLAUDE KUNSTENAAR, Individually, | Civil Action No.: |
|  | **14 CV 1101** |
| Plaintiff(s), | **NOTICE OF REMOVAL** |
| -vs- |  |
| HERTZ VEHICLES, LLC and ROBERT MICHAEL BAUER, |  |
| Defendant(s). |  |



TO:  The Honorable Judges of the
United States District Court
For the Southern District of New York

Petitioner-Defendants, Hertz Vehicles, LLC (hereinafter "Hertz"), and Robert Michael Bauer (hereinafter "Bauer") by and through their attorneys, Morgan Melhuish Abrutyn, 39 Broadway, 17th Floor, New York, New York 10006, respectfully show that:

1.  Hertz and Bauer are defendants in the above-entitled action commenced by the above-named plaintiff in the Supreme Court of New York, New York County (Index Number158544/2013). A copy of the Complaint, Answer, Orders, Discovery Demands and Bill of Particular are attached hereto as Exhibit A. These constitute all process, pleadings, and orders of which Petitioner-Defendants have had notice.

2.  Said action is a suit of a civil nature and the amount involved, exclusive of interest and costs, exceeds the sum of $75,000.

{00902785}

3.     The United States District Court has original jurisdiction over the subject matter of said civil action under 28 U.S.C. Section 1332(a) in that it is an action wherein the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and there is complete diversity of citizenship between the plaintiff and defendants and defendants are not a citizen of the State of New York:

(a)     Plaintiff, Claude Kunstenaar and Adriana Kunstenaar are now, and at the time of the commencement of this action, residing at 501 East 79th Street, City of New York, Borough of Manhattan, County of New York, State of New York, and by virtue of these facts, were and are citizens of the State of New York; and,

(b)     Petitioner-Defendant, Hertz Vehicles, LLC, is now, and was at the time of the commencement of this action, a limited liability corporation of the State of Delaware, with its principal place of business located at 225 Brae Boulevard, Town of Park Ridge, County of Bergen, State of New Jersey and was and is a citizen of the States of Delaware and New Jersey. It is an indirect, wholly owned subsidiary of Hertz Corporation, which is incorporated in the State of Delaware with its principal place of business located at 225 Brae Boulevard, Town of Park Ridge, County of Bergen, State of New Jersey and is a citizen of the States of Delaware and New Jersey. It is a direct and wholly owned subsidiary of Hertz Vehicles Finance, LLC and Hertz General Investment, LLC, which are both limited liability corporations of the State of Delaware with their principle places of business located at 225 Brae Boulevard, Town of Park Ridge, County of Bergen and State of New Jersey, and are citizens of the States of Delaware and New Jersey; and,

(c)    Petitioner-Defendant Bauer, is now, and was at the time of the commencement of this action, residing at 1026 Wilkins Road, City of Erie, County of Erie, State of Pennsylvania, and by virtue of these facts, was and is a citizen of the State of Pennsylvania; and,

(d)    Plaintiffs have stated in writing their damages to be $2,000,000 to $4,000,000 in a Statement of Damages, dated January 30, 2014, in the underlying matter (see Exhibit B, Statement of Damages).

4.    Said action is one of which the District Court of the United States is given original jurisdiction.

5.    This Notice is being filed within 30 days after notice of the Statement of Damages dated January 30, 2014, to Petitioner-Defendants, which took place February 4, 2014, by receipt of the Statement of Damages and the time for filing this Notice under 28 U.S.C. Section 1446 has not expired.  This Notice to Removal is being filed within one (1) year of the filing of Plaintiff's Complaint which took place on September 18, 2013.  (See Exhibit A, Plaintiff's Complaint.)

6.    Upon the filing of this Notice, Petitioner-Defendants will give written notice thereof to Plaintiff's attorney and will file copies of this Notice with the Clerk of the Supreme Court, New York County, as provided by law.

7.    There is attached hereto as Exhibits A and B are true and correct copies of all process and pleadings of which Petitioner-Defendant has had notice in said action.

**WHEREFORE**, Petitioner-Defendant prays that this case be removed from the Supreme Court of New York, New York County, to this Court and proceed in this Court as an action properly removed thereto.

{00902785}

DATED:  February 20, 2014

**MORGAN MELHUISH ABRUTYN**


BY: _____

**JOSEPH DeDONATO**
39 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 809-1111
Attorney for Defendants Hertz Vehicles LLC
and Robert Michael Bauer
Our File No. HCM 33-620 JDD

{00902785}

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

CLAUDE KUNSTENAAR, as Father and Natural
Guardian of ADRIANA KUNSTENAAR, and Infant,
and CLAUDE KUNSTENAAR, Individually,

Plaintiffs,

-against-

HERTZ VEHICLES LLC and ROBERT MICHAEL
BAYER,

Defendants.

-------------------------------------------------------------x

Index No. 158544/2013

Date Filed: 9/18/13

Plaintiff designate New York
County as the place of trial

The basis of the venue is
place of occurrence

*S U M M O N S*

Plaintiffs' resides at
501 E. 79th Street
New York, NY 10075

County of New York

TO THE ABOVE NAMED DEFENDANT(S):

*YOU ARE HEREBY SUMMONED* to answer the Complaint in this action and to serve a

copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of

appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of

the day of service (or within 30 days after the service is complete if this summons is not personally

delivered to you within the State of New York); and in case of your failure to appear or answer,

judgment will be taken against you by default for the relief demanded in the Complaint.

DATED: September 17, 2013

**Defendant's Address:**

HERTZ VEHICLES LLC
C/O C T CORPORATION SYSTEM
111 EIGHTH AVENUE
NEW YORK, NEW YORK, 10011

ROBERT MICHAEL BAYER
1026 Wilkins Road
Erie, PA 16505

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _____

ALAN M. SHAPEY
Attorneys for Plaintiffs
Office and P.O. Address
40 Fulton Street
New York, NY 10038
(212) 285-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

CLAUDE KUNSTENAAR, as Father and Natural
Guardian of ADRIANA KUNSTENAAR, and infant,
and CLAUDE KUNSTENAAR, individually,

                   Plaintiffs,

              -against-

HERTZ VEHICLES LLC and ROBERT MICHAEL
BAUER,

                   Defendants.

-------------------------------------------------------------------x

**VERIFIED COMPLAINT**

Index #:

158544/2013

filed 9/18/13

     Plaintiffs, by their attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.,

complaining of the defendants, alleges the following upon information and belief:

<u>FIRST CAUSE OF ACTION</u>

    1.    Plaintiff resides in the City, County and State of New York.

    2.    HERTZ VEHICLES, LLC ("HERTZ") is a foreign corporation duly licensed to

practice business in the State of New York.

    3.    ROBERT MICHAEL BAUER ("BAUER") is an attorney residing in Erie,

Pennsylvania.

    4.    On February 25, 2013, HERTZ was the owner of a 2012 Chevrolet Sedan

motor vehicle bearing New York State license plate number FYC7121 for the year 2013

("the motor vehicle").

    5.    On February 25, 2013, BAUER operated the aforementioned motor vehicle.

    6.    On February 25, 2013, BAUER operated the aforementioned motor vehicle

with the permission and consent of its owner.

    7.    On February 25, 2013, York Avenue and East 86th Street, New York, New York

was a public thoroughfare.

8.     On February 25, 2013, the infant plaintiff, ADRIANA KUNSTENAAR, was a pedestrian lawfully at the aforementioned location.

9.     At the aforementioned time and place, the motor vehicle operated by BAUER came into contact with the infant plaintiff, ADRIANA KUNSTENAAR, a pedestrian.

10.    At the aforementioned time and place, BAUER struck the infant plaintiff ADRIANA KUNSTENAAR with the motor vehicle.

11.    When BAUER struck the infant plaintiff, ADRIANA KUNSTENAAR, with the motor vehicle, she was within the crosswalk.

12.    ADRIANA KUNSTENAAR was injured.

13.    ADRIANA KUNSTENAAR was seriously injured.

14.    The injuries and/or serious injuries sustained by ADRIANA KUNSTENAAR, was due to the negligence, carelessness and recklessness of the defendants.

15.    By reason of the foregoing, the infant plaintiff, ADRIANA KUNSTENAAR, has sustained a serious injury as defined in Section 5102(d) of the Insurance Law and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

16.    The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

17.    The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Section 1602(6).

18.    By reason of the foregoing, the infant plaintiff, ADRIANA KUNSTENAAR, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

## SECOND CAUSE OF ACTION

19. Plaintiff repeats, reiterates and realleges each of the proceeding allegations of this Complaint as if set forth herein at length.

20. On February 25, 2013, at the time of this occurrence, BAUER was not fit to be entrusted with the operation of a motor vehicle.

21. HERTZ failed to conduct a background check on BAUER or otherwise determine whether he was capable, competent or fit to be entrusted with the use and operation of the motor vehicle.

22. HERTZ was negligent in entrusting and/or leasing the motor vehicle to BAUER.

23. ADRIANA KUNSTENAAR was injured.

24. ADRIANA KUNSTENAAR was seriously injured.

25. The injuries and/or serious injuries sustained by ADRIANA KUNSTENAAR, was due to the negligence, carelessness and recklessness of the defendants.

26. By reason of the foregoing, the infant plaintiff, ADRIANA KUNSTENAAR, has sustained a serious injury as defined in Section 5102(d) of the Insurance Law and/or economic loss greater than basic economic loss as defined in Section 5102(a) of the Insurance Law of the State of New York.

27. The limitations on liability set forth in CPLR Section 1601 do not apply to this action.

28. The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Section 1602(6).

29. By reason of the foregoing, the infant plaintiff, ADRIANA KUNSTENAAR, has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought.

-3-

## THIRD CAUSE OF ACTION

30.   Plaintiff repeats, reiterates and realleges each of the proceeding allegations of this Complaint as if set forth herein at length.

31.   At the aforementioned time, plaintiff CLAUDE KUNSTENAAR was the father and natural guardian of infant plaintiff, KHAMILAH ADACHI, and as such was entitled to her services, society and companionship.

32.   As a result of the aforementioned occurrence, plaintiff, CLAUDE KUNSTENAAR, has been deprived of the services, society and companionship of his said child, and has been caused to expend sums of money for her medical care and treatment, and will continue to be required to do so in the future.

33.   The limitations on liability set forth in CPLR Section 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR Section 1602, including, but not limited to, Sections 1602(2)(iv), 1602(5) and 1602(7).

34.   As a result of the foregoing, plaintiff, CLAUDE KUNSTENAAR has been damaged in an amount in excess of the jurisdictional limits of all lower courts in which this action could otherwise have been brought.

WHEREFORE, plaintiffs demand judgment against the defendants in an amount in excess of the jurisdictional limits of all lower courts in which this matter might otherwise have been brought, with interest from the date of the occurrence, together with the costs and disbursements of this action.

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _____
ALAN M. SHAPEY
Attorneys for Plaintiffs
40 Fulton Street, 25th Floor
New York, NY 10038
212-285-3300

-4-

*VERIFICATION*

ALAN M. SHAPEY, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am a member of the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiffs herein.

I have read the foregoing Complaint and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

DATED: New York, New York
September 17, 2013

ALAN M. SHAPEY

-5-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  NEW YORK
----------------------------------------------------------x
CLAUDE KUNSTENAAR AS FATHER AND NATURAL GUARDIAN
OF ADRIANA KUNSTENAAR AN INFANT AND CLAUDE
KUNSTENAAR

                        Plaintiff/Petitioner,

            - against -                              Index No.  158544/2013
HERTZ VEHICLES LLC AND ROBERT MICHAEL BAYER

                        Defendant/Respondent.
----------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

  PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts.  This notice is being served as required by Subdivision (b) (3) of that Section.

  The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

  Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment and (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center at 646-386-3033 or efile@courts.state.ny.us.

Dated:  9/18/2013

LIPSIG SHAPEY MANUS & MOVERMAN P.C.
40 FULTON STREET
NEW YORK, NY 10038
Tel: 212-285-3300

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 158544/2013

CLAUDE KUNSTENAAR as Father and Natural
Guardian of ADRIANA KUNSTENAAR an Infant,
and CLAUDE KUNSTENAAR, Individually,

         Plaintiff(s),

**ANSWER TO VERIFIED COMPLAINT**

  -vs-

*(ECF Document)*

HERTZ VEHICLES, LLC and ROBERT
MICHAEL BAUER,

         Defendant(s).

The defendants Hertz Vehicles, LLC and Robert Michael Bauer, by and through its attorneys, Morgan Melhuish Abrutyn, by way of Answer to plaintiff's Verified Complaint, respectfully alleges upon information and belief:

## ANSWERING THE FIRST CAUSE OF ACTION

1.    Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 1 and leaves plaintiff to their proofs.

2.    Defendants admit the allegations contained in paragraphs 3, 4, 5, 6 and 7.

3.    Defendants deny the allegations contained in paragraphs 2, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17 and 18.

## ANSWERING THE SECOND CAUSE OF ACTION

4.    Defendants repeat and reiterate the allegations contained above as though set forth at length herein.

5.    Defendants deny the allegations contained in paragraphs 20, 21, 22, 23, 24, 25, 26, 27, 28 and 29.

{00875079}

## ANSWERING THE THIRD CAUSE OF ACTION

6.      Defendants repeat and reiterate the allegations contained above as though set forth at length herein.

7.      Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraphs 31 and leaves plaintiff to their proofs.

8.      Defendants deny the allegations contained in paragraphs 32, 33 and 34.

## FIRST AFFIRMATIVE DEFENSE

That if plaintiff sustained the injuries and damages alleged in the complaint, same were wholly or in part caused by the culpable conduct of plaintiff and defendants are entitled to judgment dismissing the complaint herein or, in the alternative, the defendants are entitled to judgment assessing and fixing the culpable conduct of plaintiff contributing to said injuries and damages.

## SECOND AFFIRMATIVE DEFENSE

The incident which forms the basis of this litigation and which allegedly caused injuries and damages to the claimant was proximately caused or contributed to by the fault of third persons not parties to this litigation.  The responsibility of the party filing this answer and the right of the claimant to recover in this litigation can only be determined after the percentages of responsibility of all parties to the incident are determined whether or not they are parties of this litigation. Accordingly, this party seeks an adjudication of the percentage of fault of the claimant and each and every person whose fault contributed to the incident.

### THIRD AFFIRMATIVE DEFENSE

The defendants deny liability, however, insofar as any collateral source payment may be made to plaintiffs, defendants are entitled to the benefits of CPLR § 4545 with reference to such payments.

### FOURTH AFFIRMATIVE DEFENSE

The defendants deny liability but assert that should any liability be established, plaintiffs' damages shall be diminished in accordance with the provisions of CPLR §§ 1411, 1412, and 1413.

### FIFTH AFFIRMATIVE DEFENSE

The defendants deny liability but if defendants are found to be liable, defendants assert they are entitled to the provision of limited liability and joint liability as set forth in CPLR §§ 1600, 1601.

### SIXTH AFFIRMATIVE DEFENSE

The claimant assumed the risk and was fully cognizant of any and all circumstances surrounding the alleged incident.

### SEVENTH AFFIRMATIVE DEFENSE

The Complaint and all claims are barred against this defendant by virtue of the Safe, Accountable, Flexible Transportation Equity Act, 49 U.S.C. 30106 ("Graves Act") and defendant reserves the right to dismiss the same.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred by the Statute of Limitations and defendant reserves the right to dismiss the same.

### NINTH AFFIRMATIVE DEFENSE

The operator of this defendant's vehicle leased the same and was not the agent or employee of the owner.

**WHEREFORE**, defendants demand judgment dismissing the Complaint herein as to said defendants, or diminishing the damages recoverable by plaintiff herein in proportion with the culpable conduct contributed by plaintiff, together with the costs and disbursements of this action.

DATED:  October 31, 2013                     **MORGAN MELHUISH ABRUTYN**

BY: _____

       **JOSEPH DeDONATO**
       39 Broadway, 17th Floor
       New York, New York 10006
       Phone: (212) 809-1111
       Attorney for Defendants
       Hertz Vehicles, LLC and Robert Michael Bauer
       Our File No. HCM 33-620 JDD

TO:


Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone:  (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

## ATTORNEY'S VERIFICATION BY AFFIRMATION

JOSEPH DeDONATO, an attorney duly admitted to practice law in the State of New York, hereby affirms the following under penalties of perjury:

1.     I am an attorney of record for defendants Hertz Vehicles, LLC and Robert Michael Bauer, in the above-captioned matter. I read the annexed Answer and know the contents thereof and the same are true to my knowledge except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters herein not stated upon knowledge, is based upon the following: pleadings, file investigation and correspondence.

2.     The reason I make this Affirmation instead of defendant is that said defendant does not reside in the County where I maintain my office.

_____
                                    JOSEPH DeDONATO

Affirmed this 31st day
of October, 2013

## AFFIRMATION OF SERVICE

I, **JOSEPH DeDONATO**, an attorney duly admitted to the Courts of the State of New York, hereby affirm the following under penalties of perjury.

That on October ___, 2013, I served the annexed **ANSWER TO VERIFIED COMPLAINT** upon the following individuals:

Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone: (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar an Infant, and Claude Kunstenaar, Individually


the address designated by said attorneys for that purpose of depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service.

_____
                **JOSEPH DeDONATO**

Affirmed this ___ day
of October, 2013

{00875079}

10/11/2013  11:37   2124064544         LIPSIG LAW FIRM                    PAGE  02/02
    OCT. 7. 2013 12:21PM   M.M.A   9739943375                        NO. 9097  ·P. 3 ·

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 158544/2013

CLAUDE KUNSTENAAR as Father and Natural
Guardian of ADRIANA KUNSTENAAR an Infant,
and CLAUDE KUNSTENAAR, Individually,

Plaintiff(s),

STIPULATION EXTENDING
TIME TO ANSWER

*(ECF Document)*

-vs-

HERTZ VEHICLES, LLC and ROBERT
MICHAEL BAYER,

Defendant(s).

It is hereby stipulated by and between the parties, through their respective attorneys, that

defendants Hertz Vehicles, LLC and Robert Michael Bayer, now have until November 4, 2013,

to answer or otherwise move against the Complaint filed herein.  Defendant will not plead a

defense that service of process was improper.

LIPSIG SHAPEY MANUS & MOVERMAN          MORGAN MELHUISH ABRUTYN

By: _____            By: _____
    Alan M. Shapey, Esq.                    Joseph DeDonato, Esq.
    40 Fulton Street                        39 Broadway, Suite 1701
    New York, NY 10038                      New York, NY 10006
    Phone: (212) 285-3300                   Phone: (212) 809-1111
    Attorney for Plaintiffs Claude Kunstenaar   Attorneys for Defendants
    as Father and Natural Guardian of Adriana   Hertz Vehicles, LLC and
    Kunstenaar an Infant, and Claude            Robert Michael Bayer
    Kunstenaar, Individually                    Our File No. HCM 33-620

Dated: October 3, 2013

{00872909}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| CLAUDE KUNSTENAAR as Father and Natural Guardian of ADRIANA KUNSTENAAR an Infant, and CLAUDE KUNSTENAAR, Individually,<br><br>Plaintiff(s),<br><br>-vs-<br><br>HERTZ VEHICLES, LLC and ROBERT MICHAEL BAUER,<br><br>Defendant(s). | Index No. 158544/2013<br><br>**DEMAND FOR**<br>**BILL OF PARTICULARS** |

**COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Section 3041 et seq. of the Civil Practice Law & Rules you are hereby required to serve a Verified Bill of Particulars upon the undersigned within twenty (20) days after receipt of this Demand, setting forth the following:

1.  Plaintiff's present residence address.

2.  The date and approximate time of day of the occurrence alleged in the complaint.

3.  The approximate location of the happening of the occurrence in sufficient detail so as to permit accurate identification of such location.

4.  A general description of the occurrence; if a motor vehicle is involved, the identification of the parts of any motor vehicle or other instrumentality involved in said occurrence.

5.  A general statement of the acts or omissions of each defendant constituting any negligence claimed. It is required that each defendant's alleged acts of negligence be specifically and completely enumerated.

6.  Whether actual or constructive notice of any defective or dangerous condition or activity is claimed and if so set forth the nature and extent of such condition or activity.

7.  If actual notice is claimed, then set forth the following:

(a)  The date or dates of each said notice.

{00875088}

(b)     The names of the agents and/or servants of the defendant to whom said actual notice was allegedly given on each of such dates.

(c)     By whom said actual notice was allegedly given on each of such dates.

(d)     The substance of each said notice.

8.     If constructive notice is claimed, the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.  If the length of time is not known, so state.

9.     A statement of any injuries claimed to have resulted from the occurrence including the approximate date of the onset of symptoms of each of the injuries claimed.

10.     A description of those injuries claimed to be permanent.

11.     The length of time that plaintiff was confined to bed or home as a result of the occurrence, with dates of confinement.

12.     The length of time that plaintiff was confined to a hospital or other health care facility, as a result of the occurrence with the name and address of each such hospital or facility and the dates of admission and discharge.

13.     The date(s) plaintiff received treatment at any hospital, out-patient department or clinic with the name and address of each such hospital or clinic.

14.     The occupation of plaintiff at the time of the occurrence including the name and address of each employer for the five (5) years preceding the occurrence and plaintiff's job title and annual earnings for each of said five years.

15.     The length of time plaintiff was totally disabled, as a result of the occurrence including specific dates.

16.     The length of time plaintiff was partially disabled, as a result of the occurrence including specific dates.

17.     The total of special damages incurred to date with regard to the following:

(a)     Physician's services, including the name and address of each physician who treated plaintiff for the injuries claimed to have been caused by or aggravated by the occurrence.

(b)     Medical supplies, including a description of each item and the name and address of the supplier from such whom such supplies were purchased.

(c)     Loss of earnings, including the dates plaintiff missed from work and the manner in which said loss is computed.

(d)     Hospital expenses and clinic charges.

(e)   X-rays, other than those for which charges were included in hospital expenses.

(f)   Nurses' services, other than those for which charges were included in hospital expenses.

(g)   All other items of special damage.

17A.   With respect to the amounts of special damages set forth in Paragraph 17.

(a)   State whether any party of the cost of physician's services, medical supplies, hospital expenses, nurses services or loss of earnings was replaced or indemnified from any collateral source such as insurance, social security, worker's compensation or employee benefit programs.

(b)   If the answer is in the affirmative, set forth separately as to each item, the amount of reimbursement received, and the name and address of the organization or program from whom such reimbursement was received.

(c)   For each organization or program, state the identifying number of the policy or program, and its effective dates.

(d)   State whether or not plaintiff has made claim for reimbursement for economic loss to any collateral source which has not as yet been paid.

(e)   If the answer is in the affirmative, state the name and address of the organization or program to whom such claim was presented, the date of the presentation, the amount claimed, and the identifying number of the policy or program.

(f)   State whether or not plaintiff reasonably anticipates making a claim in the future for reimbursement of future economic loss.

(g)   If the answer is in the affirmative, state the name and address of the organization or program to whom such claim(s) will be presented, the identifying number of the policy or program, the extent of total coverage or benefits available and the length of time such coverage of benefits will be available to plaintiff(s).

18.   The date of birth of plaintiff.

19.   Set forth by Chapter, Article, Section and Paragraph each statute, ordinance, rule or regulation, if any, which it is claimed each defendant violated.

20.   State the nature and extent of any services allegedly lost.

21.   If the complaint alleges loss of or damage to an item of personal property, set forth separately as to each item:

(a)   A full and complete description of such item, its date of manufacture or creation, the date of its acquisition by the plaintiff, the manner of acquisition by plaintiff, and the name of the person, firm or corporation from whom it was acquired.

{00875088}

(b)     A full and complete description of the physical damage claimed.

(c)     The amount of the damage claimed and the manner in which such amounts have been computed including in such computation any tax benefits claimed or reported on any tax return.

(d)     Whether any of the items set forth in subparagraph (a) above have been disposed of, repaired or replaced and, if so, set forth:

(i)     For each item disposed of, the manner of dispositions, the date of disposition, the name of the person, firm or corporation to whom the item was transferred and the consideration therefor.

(ii)    For each item repaired, the date of the repair, the name of the party who made the repair and the cost of the repair.

(iii)   For each item replaced, the date and cost of replacement, and the name of the person, firm or corporation from whom the replacement was obtained.

22.    If damage to real property is claimed, set forth the following <u>separately</u> as to <u>each</u> building, structure or other improvement which was allegedly damaged:

(a)     A full and complete description of such building, structure or other improvement, including its manner of construction and its age.

(b)     A description of each portion thereof allegedly damaged and of the damage to each portion.

(c)     The manner in which the cost of replacement or repair of each such portion has been calculated.

23.    If the complaint alleges wrongful death:

(a)     The dates and place of birth and death of each decedent.

(b)     The name, address, date of birth, occupation, and annual income of each person such decedent(s) allegedly supported or each person who was allegedly dependent upon such decedent(s) for support within one year of death.

(c)     The total dollar amount of support, such decedent(s) allegedly gave all persons: (1) in the year of death; (2) in each of the two years prior to the year of decedent's (s') death.

24.    State plaintiff's Social Security number.

25.    State whether any plaintiff is a covered person under 5104(a) of the Insurance Law of the State of New York.

26.    If any plaintiff is a covered person, state the name and address of any insurance carrier providing first party benefits.

27.    State if and how it will be claimed that any plaintiff sustained a serious injury or excess economic loss within the meaning of 5102 secs. (a) and (b) of the Insurance Law of the State of New York.

28.    State the name and address of each person known or claimed by you or any party you represent this action to be a witness to:

(a) the occurrence alleged in the Complaint of the action.

(b) any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint, or

(c) any actual notice allegedly given to the defendant answering herein or any condition which allegedly caused the occurrence alleged in the Complaint.

(d) the nature and duration of any alleged condition which allegedly caused the occurrence alleged in the Complaint.

**PLEASE TAKE FURTHER NOTICE,** that in the event plaintiff(s) fail to comply with the foregoing demand within twenty (20) days, the defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

DATED:  October 31, 2012                    **MORGAN MELHUISH ABRUTYN**

BY: _____
      **JOSEPH DeDONATO**
      39 Broadway, 17th Floor
      New York, New York 10006
      Phone: (212) 809-1111
      Attorney for Defendants Hertz Vehicles, LLC
      and Robert Michael Bauer
      Our File No. HCM 33-620 JDD

{00875088}

TO:

Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone: (212) 285-3300
Attorney for Plaintiffs Cláude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| CLAUDE KUNSTENAAR as Father and Natural Guardian of ADRIANA KUNSTENAAR an Infant, and CLAUDE KUNSTENAAR, Individually, | Index No. 158544/2013 |
| Plaintiff(s), | **REQUEST PURSUANT TO CPLR §3101(d)(1)** |
| -vs- | |
| HERTZ VEHICLES, LLC and ROBERT MICHAEL BAUER, | |
| Defendant(s). | |

**COUNSEL:**

    **PLEASE TAKE NOTICE,** that pursuant to CPLR §3101(d)(1) you are hereby required within thirty (30) days to set forth the following with reference to experts which may be retained for the purposes of testifying at the trial of this action:

    (a)    The name and address of each and every person you expect to call as an expert witness at the trial of this action.

    (b)    In reasonable detail, the subject matter on which each expert is expected to testify.

    (c)    The substance of the facts and opinions on which each expert is expected to testify.

    (d)    The qualifications of each expert witness.

    (e)    A summary of the grounds for each expert's opinion.

    (f)    Provide a true and accurate copy of each such expert's written report(s).

    **PLEASE TAKE FURTHER NOTICE,** that appropriate motions will be made at the trial of this action or prior thereto to preclude the testimony of any such expert, medical or otherwise, who has not been properly identified together with his prospective testimony as demanded above.

    **PLEASE TAKE FURTHER NOTICE,** that this demand is a continuing demand and requires your response concerning your intention to call any expert witness up to and including the time of the commencement of the trial of this action.

{00875088}

DATED:  October 31, 2012                 **MORGAN MELHUISH ABRUTYN**


                                    BY: _____

                                         **JOSEPH DeDONATO**
                                         39 Broadway, 17th Floor
                                         New York, New York 10006
                                         Phone: (212) 809-1111
                                         Attorney for Defendants Hertz Vehicles, LLC
                                         and Robert Michael Bauer
                                         Our File No. HCM 33-620 JDD

TO:


Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY  10038
Phone:  (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

{00875088}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |
|---|---|
| CLAUDE KUNSTENAAR as Father and Natural Guardian of ADRIANA KUNSTENAAR an Infant, and CLAUDE KUNSTENAAR, Individually,<br><br>Plaintiff(s),<br><br>-vs-<br><br>HERTZ VEHICLES, LLC and ROBERT MICHAEL BAUER,<br><br>Defendant(s). | Index No. 158544/2013<br><br>**DEMAND FOR DISCOVERY** |

**COUNSEL:**

**PLEASE TAKE NOTICE,** that the undersigned hereby makes the following demands upon you:

Demand for Discovery and Inspection of Names and Addresses of all Witnesses;

Demand for the Discovery and Inspection of any Statement of a Party Represented by the Undersigned;

Demand for Discovery and Inspection of Photographs;

Demand for Discovery and Inspection of Insurance Coverage;

Demand for Discovery and Inspection of Accident Reports;

Demand for Discovery and Inspection of Contracts, Leases and Other Documents;

Demand for Discovery and Inspection of Attorney's Names;

Demand for Discovery and Inspection of Pleadings;

Demand for Discovery and Inspection of Depositions;

Demand for Discovery and Inspection of Authorization to Discover and Inspect Plaintiff(s) Worker's Compensation File;

{00875088}

returnable at the office of the undersigned within thirty (30) days after your receipt of this Combined Demand.

That in lieu of the foregoing, the plaintiff(s) may submit readable copies of the aforesaid documents by mailing them to this office on or before the date that the documents are to be produced.

## DEMAND FOR THE NAMES AND ADDRESSES OF ALL WITNESSES

PLEASE TAKE NOTICE that the undersigned hereby demands, pursuant to CPLR §3101(a), and Rule 3120 and the cases of Zellman v. Metropolitan Transportation Authority, 40 A.D.2d 248, 339 N.Y.S.2d 255 and Zayas v. Morales, 45 A.D. 610, 360 N.Y.S.2d 279, that you set forth in writing and under oath, the name and address of each person claimed by any party you represent, to be a witness to any of the following:

(a)     The occurrence alleged in the complaint;

(b)     First hand knowledge of the facts and circumstances regarding this occurrence;

(c)     Any acts, omissions or conditions which allegedly caused the occurrence alleged in the complaint;

(d)     Any actual notice allegedly given to the defendant(s) or any employee(s) or agent(s) of the defendant(s) of any condition which allegedly caused the occurrence alleged in the complaint;

(e)     The nature and duration of any alleged condition which allegedly caused the occurrence alleged in the complaint;

(f)     Any admissions of the defendant(s) or its agent(s) or employee(s).

If no such witnesses are known to plaintiff(s), so state in the sworn reply to this Demand.

The undersigned will object upon trial to the testimony of any witnesses not so identified.

## DEMAND FOR THE DISCOVERY AND INSPECTION OF ANY STATEMENT OF A PARTY REPRESENTED BY THE UNDERSIGNED

PLEASE TAKE NOTICE that the undersigned demands on behalf of each party represented by it in this action, that pursuant to CPLR §3101(e) and 3120, you produce at the time and place herein specified, and permit the undersigned to discover, inspect and copy each and every {00875088}

statement made by or taken from each such party and/or his, her or its agents, servants or employees now in your possession, custody or control or in the custody or control of any party you represent in this action, such statements in any manner bears on the issue in this action.

## DEMAND FOR DISCOVERY AND INSPECTION OF PHOTOGRAPHS

**PLEASE TAKE NOTICE** that the undersigned demands on behalf of each and every party represented by it in this action, that pursuant to CPLR §3101, et seq., you produce at the time and place herein specified and permit the undersigned to discover, inspect and copy any and all photographs taken of the alleged scene or place of the occurrence complained of which are now in your possession, custody and control, or in the possession, custody and control of any party you represent in this action, if such photographs in any manner bear upon the issues in this action.

## DEMAND FOR DISCOVERY AND INSPECTION OF INSURANCE COVERAGE

**PLEASE TAKE NOTICE** that the undersigned demands, pursuant to CPLR §3103(g) that you produce and allow the defendant(s) to inspect any written report concerning the accident which is the subject matter of this lawsuit prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity.

## DEMAND FOR DISCOVERY AND INSPECTION OF CONTRACTS, LEASES AND OTHER DOCUMENTS

**PLEASE TAKE NOTICE** that the undersigned demands that you produce and permit defendants to inspect and copy the contents of any contract, lease or other document relied upon with respect to the claim.

**PLEASE TAKE FURTHER NOTICE** that the undersigned demands that you produce and permit defendants to inspect and copy all work records, daily logs and daily reports prepared by the parties to this action with respect to work performed at the site where plaintiff's accident occurred for a period of time of three months prior to and one week following plaintiff's accident.

{00875088}

## DEMAND FOR DISCOVERY AND INSPECTION OF ATTORNEY'S NAMES

**PLEASE TAKE NOTICE THAT** the undersigned demands that you produce the names, addresses and telephone numbers of each attorney other than the undersigned who has appeared in the within action.

## DEMAND FOR DISCOVERY AND INSPECTION OF PLEADINGS

**PLEASE TAKE NOTICE** that the undersigned demands that you produce all pleadings, notices for discovery and inspection, notices to admit and responses to same, heretofore served in this action.

## DEMAND FOR DISCOVERY AND INSPECTION OF DEPOSITIONS

**PLEASE TAKE NOTICE** that the undersigned demands that you produce copies of all depositions or hearings previously held in this action.

## DEMAND FOR DISCOVERY AND INSPECTION OF AUTHORIZATION TO DISCOVER AND INSPECT PLAINTIFF(S)' WORKER'S COMPENSATION FILE

**PLEASE TAKE NOTICE** that pursuant to Section 3101, et seq., (including Rule 3120) of the Civil Practice Law and Rules, the plaintiff(s) herein are required to produce and allow discovery to be made by the defendant(s) herein, of the following:

> Serve upon and deliver to the attorneys for this defendant, duly executed and acknowledged written authorizations permitting the defendant to obtain, examine, inspect and photocopy the plaintiffs' entire worker's compensation file of both the state and the employer's workers compensation carriers.

DATED:  October 31, 2012                    MORGAN MELHUISH ABRUTYN

BY: _____

JOSEPH DeDONATO
39 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 809-1111
Attorney for Defendants Hertz Vehicles, LLC
and Robert Michael Bauer
Our File No. HCM 33-620 JDD

{00875088}

TO:

Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone: (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 158544/2013

CLAUDE KUNSTENAAR as Father and Natural
Guardian of ADRIANA KUNSTENAAR an Infant,
and CLAUDE KUNSTENAAR, Individually,

Plaintiff(s),

-vs-

**NOTICE TO TAKE
DEPOSITIONS**

HERTZ VEHICLES, LLC and ROBERT
MICHAEL BAUER,

Defendant(s).

**COUNSEL:**

**PLEASE TAKE NOTICE** that pursuant to Article 31 of the Civil Practice Law and Rules,

the testimony upon oral examination of all adverse parties, will be taken before an Officer who is

not an attorney, or employee of an attorney, for any party or perspective party herein and is not a

person who would be disqualified to act as a juror because of interest or because of consanguinity or

affinity to any person herein at the offices of Morgan Melhuish Abrutyn, 39 Broadway, 17th Floor,

New York, New York 10006 on *January 13, 2014 at 10:00 o'clock* in the forenoon on that day,

with respect to evidence material necessary in the defense of this action.

This shall include but is not limited to, all relevant facts and circumstances in connection

with the accident alleged in the subject Complaint including negligence, contributory negligence,

liability and damages.

{00875088}

DATED:  October 31, 2012                    **MORGAN MELHUISH ABRUTYN**


BY: _____
**JOSEPH DeDONATO**
39 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 809-1111
Attorney for Defendants Hertz Vehicles, LLC
and Robert Michael Bauer
Our File No. HCM 33-620 JDD

TO:


Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY  10038
Phone:  (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

{00875088}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No. 158544/2013

CLAUDE KUNSTENAAR as Father and Natural
Guardian of ADRIANA KUNSTENAAR an Infant,
and CLAUDE KUNSTENAAR, Individually,

Plaintiff(s),

-vs-

HERTZ VEHICLES, LLC and ROBERT
MICHAEL BAUER,

Defendant(s).

**REQUEST TO PRODUCE**

**PLEASE TAKE NOTICE,** that pursuant to the Civil Practice Law and Rules, you are required to produce, copy and serve upon the undersigned within twenty (20) days after receipt of this Notice the following:

(1)     The names and addresses of all physicians, psychologists, or other health care providers of every description who have consulted with, examined or treated the plaintiff for each of the conditions allegedly caused by, or exacerbated by, the occurrence described in the Complaint including the date of such treatment or examination.

(2)     Duly executed and acknowledged written authorizations directed to any hospital, clinic or other health care facility in which the injured plaintiff herein is or was treated or confined due to the occurrence set forth in the Complaint so as to permit the securing of a copy of the entire record or records including x-rays and technicians' reports.

(3)     Duly executed and acknowledge written authorizations to allow this defendant to obtain the complete office medical records relating to plaintiff of each health care provider identified in (1) above.

{00875088}

(4)     Copies of all medical reports received from health care providers identified in (a) above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at the trial, referring to and identifying those x-rays and technician's reports which will be offered at the trial.

(5)     Duly executed and acknowledged written authorizations to allow defendant to obtain complete pharmacy or drug store records with respect to any drugs prescribed for plaintiff from one (1) year prior to the occurrence described in the Complaint to the present date.

(6)     All photographs under the control of said plaintiffs or the attorneys or representatives of plaintiffs showing the physical condition of the plaintiff(s) following or immediately prior to the accident herein alleged.

(7)     All photographs under the control of the plaintiffs or the attorney or representatives of the plaintiffs showing the condition of the place of the accident as it existed before or following the accident herein alleged or prior thereto.

(8)     All photographs under the control of the plaintiffs or the attorneys or representatives of the plaintiffs depicting the scene of the accident herein.

(9)     All accident reports relating to the accident herein alleged.

(10)     All hospital records, bills and authorizations; x-rays; any and all medical bills and records.

(11)     All of plaintiff's federal income tax returns for three (3) years prior to the date of loss and all such returns filed since the date of loss.

DATED:  October 31, 2012                 **MORGAN MELHUISH ABRUTYN**

                                         BY: _____
                                              JOSEPH DeDONATO
                                              39 Broadway, 17th Floor
                                              New York, New York 10006
                                              Phone: (212) 809-1111
                                              Attorney for Defendants Hertz Vehicles, LLC
                                              and Robert Michael Bauer
                                              Our File No. HCM 33-620 JDD

TO:

Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY  10038
Phone:  (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

{00875088}

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLAUDE KUNSTENAAR as Father and Natural
Guardian of ADRIANA KUNSTENAAR an Infant,
and CLAUDE KUNSTENAAR, Individually,

Plaintiff(s),

-vs-

HERTZ VEHICLES, LLC and ROBERT
MICHAEL BAUER,

Defendant(s).

Index No. 158544/2013

**DEMAND PURSUANT TO
CPLR § 3107(c)**

PLEASE TAKE NOTICE that the defendants Hertz Vehicles, LLC and Robert Michael

Bauer, pursuant to CPLR §3017(c), hereby demands that the plaintiffs, hereby serve upon the

defendant, within fifteen (15) days hereof, a Supplemental Demand setting forth the total

damages to which they deem themselves entitled.

DATED: October 31, 2012

MORGAN MELHUISH ABRUTYN

BY: _____

JOSEPH DeDONATO
39 Broadway, 17th Floor
New York, New York 10006
Phone: (212) 809-1111
Attorney for Defendants Hertz Vehicles, LLC
and Robert Michael Bauer
Our File No. HCM 33-620 JDD

TO:
Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone: (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar
an Infant, and Claude Kunstenaar, Individually

{00875088}

## AFFIRMATION OF SERVICE

      I, JOSEPH DeDONATO, an attorney duly admitted to the Courts of the State of New York hereby affirm the following under penalties of perjury.

      That on October 31, 2013, I served the annexed **COMBINED DISCOVERY DEMANDS** upon the following individuals:

Alan M. Shapey, Esq.
LIPSIG SHAPEY MANUS & MOVERMAN, P.C.
40 Fulton Street
New York, NY 10038
Phone: (212) 285-3300
Attorney for Plaintiffs Claude Kunstenaar as Father and Natural Guardian of Adriana Kunstenaar an Infant, and Claude Kunstenaar, Individually

the address designated by said attorneys for that purpose of depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of **U.S. POSTAL SERVICE.**

                             **JOSEPH DeDONATO**

Affirmed this 31 day
of October, 2013.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
CLAUDE KUNSTENAAR, as Father and Natural
Guardian of ADRIANA KUNSTENAAR, and infant,
and CLAUDE KUNSTENAAR, Individually,

                             Plaintiffs,

                -against-

HERTZ VEHICLES LLC and
ROBERT MICHAEL BAYER,

                       Defendants.
-----------------------------------------------------------------x

**NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION**

Index No. 158544/13

C O U N S E L O R S :

    PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and Rules, the testimony, upon oral examination, of the defendant, whose address is known to their attorneys, as an adverse parties, will be taken before a notary public who is not an attorney or employee of any attorney for any party or prospective party herein, and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the office of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., 40 Fulton Street, 25th Floor, New York, NY 10038, on January 17, 2014, at 10:00 a.m., with respect to evidence material and necessary in the prosecution of this action.

    Said person to be examined is required to produce at such examination the following:  All books, records and documents of any kind relating to this accident, to be marked as exhibits and used on the examination.

DATED:    New York, New York
              December 10, 2013

                      Yours, etc.

                      LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

                      By _____
                         ALAN M. SHAPEY
                         Attorneys for Plaintiffs
                         40 Fulton Street, 25th Floor
                         New York, NY 10038
                         212-285-3300

TO:  MORGAN, MELHUISH, ABRUTYN
     Attorneys for Defendants
     39 Broadway - 35th Floor
     New York, NY   10006
     (212) 809-1111
     File #: HCM 33-620 JDD

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------x

CLAUDE KUNSTENAAR, as Father and Natural Guardian    **COMBINED DEMAND**
of ADRIANA KUNSTENAAR, and infant, and CLAUDE
KUNSTENAAR, Individually,

                       Plaintiffs,           Index No. 158544/13

          -against-

HERTZ VEHICLES LLC and ROBERT MICHAEL BAYER,

                   Defendants.

-------------------------------------------------------------------------x

C O U N S E L O R S :

    PLEASE TAKE NOTICE, that the undersigned hereby serves the following

demands upon you pursuant to CPLR 3120 and 3101 et seq., returnable at the offices

of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., 40 Fulton Street, 25th Floor, New

York, NY 10038 within twenty (20) days after service hereof:

    (1)    Demand for the Names and Addresses of all Witnesses (annexed);

    (2)    Demand for the Discovery and Inspection of any Statement of a Party
            Represented by the Undersigned (annexed);

    (3)    Demand for Insurance Coverage (annexed);

    (4)    Demand for Accident Reports (annexed);

    (5)    Demand for Photographs (annexed);

    (6)    Demand for Expert Witness Disclosure (annexed);

    (7)    Demand for Visual Reproductions (annexed);

    (1)    <u>**DEMAND FOR THE NAMES AND ADDRESSES OF WITNESSES**</u>

    PLEASE TAKE NOTICE, that the undersigned hereby demands, pursuant to
Article 31, that you set forth in writing and under oath the names and addresses of each
person claimed by any party you represent to be a witness to any of the following:

        (a)    The occurrence alleged in the Complaint;

(b)     Any acts or conditions which have been alleged as causing the occurrence alleged in the Complaint;

(c)     Any actual notice given to the defendant or claimed to be given to the defendant as alleged in the Complaint;

(d)     The location of the vehicles or the pedestrians prior to, at the time of, or subsequent to, the occurrence alleged in the Complaint.

(e)     The nature and duration of the conditions which allegedly caused the occurrence alleged in the Complaint;

(f)     Any alleged admissions or admissions against interest by plaintiff;

(g)     Any persons having knowledge of the acts, notice or conditions substantiating any affirmative defense asserted by you;

(h)     If any of the persons named in response to the preceding paragraphs were in the employ of any defendant on the date of the occurrence complained of, set forth the names of each such person;

(i)     If any such person named in the preceding paragraph is presently in the employ of any defendant, set forth the name of such person.

If no such witnesses are known to the defendant, so state in the sworn reply to this demand.  The undersigned will object upon trial to the testimony of any witnesses not so identified.

(2)     **DEMAND FOR DISCOVERY AND INSPECTION OF ANY STATE-** **MENT OF A PARTY REPRESENTED BY THE UNDERSIGNED**

PLEASE TAKE FURTHER NOTICE, that the undersigned hereby demands that you produce, pursuant to CPLR 3101(e), any such statements.

(3)     **DEMAND FOR INSURANCE COVERAGE**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(f), that you produce and permit plaintiff to inspect and to copy the contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payment made to satisfy the judgment which may be entered herein, including but not limited to excess and additional coverage.

(4)     **DEMAND FOR ACCIDENT REPORTS**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR 3101(g), that you produce and allow the plaintiff to inspect any written report concerning the accident which is the subject matter of this lawsuit prepared in the

regular course of business operations or practices of any person, firm, corporation, association or other public or private entity. This demand includes all accident reports, whether or not prepared exclusively in preparation for litigation. <u>Pataki v. Kiseda</u>, 80 A.D.2d 100, 437 N.Y.S.2d 694 (1981).

(5)  **DEMAND FOR PHOTOGRAPHS**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR Article 31, that you produce any and all photographs of the scene of the occurrence and/or (if applicable) the motor vehicles involved in the accident. If no such photographs are in the possession, custody or control of any parties you represent in this action, so state in the sworn reply to this demand.

(6)  **DEMAND FOR EXPERT WITNESS DISCLOSURE**

PLEASE TAKE FURTHER NOTICE, that pursuant to CPLR 3101(d)(l) you are hereby required to set forth the following:

(a)  The name and address of each and every person you expect to call as an expert witness at the trial of this action;

(b)  In reasonable detail, the subject matter on which each expert is to testify;

(c)  The substance of the facts and opinions on which each expert is expected to testify;

(d)  The qualification of each such expert witness; and

(e)  A summary of the grounds for each expert's opinion.

(7)  **DEMAND FOR VISUAL REPRODUCTIONS**

PLEASE TAKE FURTHER NOTICE, that the undersigned demands, pursuant to CPLR Sections 3101(d) and 3120, that you produce at the undersigned's office for inspection and copying, any and all surveillance materials, including but not limited to films, videotapes or photographs, depicting or alleging to depict the plaintiff(s), now in your possession, custody or control, or in the possession, custody or control of any party you represent in this action. This is a continuing demand. Should any such surveillance material come into your possession, custody or control, or into the possession, custody or control of any party you represent in this action after the date of this demand, demand is hereby made that you produce such surveillance material at the undersigned's office for inspection and copying on the aforesaid date or within twenty (20) days after you, or said party, obtain possession, custody or control of same, whichever is later.

PLEASE TAKE FURTHER NOTICE, that the annexed demands are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE, that the term "defendant" shall include all defendants and third-party defendants.

DATED:   New York, New York
         December 10, 2013

Yours, etc.

LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

By _____
   ALAN M. SHAPEY
   Attorneys for Plaintiffs
   40 Fulton Street, 25th Floor
   New York, NY 10038
   212-285-3300

TO:    MORGAN, MELHUISH, ABRUTYN
Attorneys for Defendants
39 Broadway - 35th Floor
New York, NY 10006
(212) 809-1111
File #: HCM 33-620 JDD

# REQUEST FOR JUDICIAL INTERVENTION

UCS-840  (3/2011)

| For Court Clerk Use Only |
| --- |
| IAS Entry Date |
| Judge Assigned |
| RJI Date |

Supreme _____ COURT, COUNTY OF New York

Index No: 158544/13 _____ Date Index Issued: 09/18/2013

**CAPTION:** Enter the complete case caption. Do not use et al or et ano. If more space is required, attach a caption rider sheet.

CLAUDE KUNSTENAAR, as Father and Natural Guardian of ADRIANA KUNSTENAAR, and infant, and CLAUDE KUNSTENAAR, Individually,

Plaintiff(s)/Petitioner(s)

-against-

HERTZ VEHICLES LLC and ROBERT MICHAEL BAYER,

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING:** Check ONE box only and specify where indicated.

## MATRIMONIAL
- ○ Contested
- ○ Uncontested
  **NOTE:** For all Matrimonial actions where the parties have children under the age of 18, complete and attach the MATRIMONIAL RJI Addendum.

## TORTS
- ○ Asbestos
- ○ Breast Implant
- ○ Environmental: _____ (specify)
- ● Medical, Dental, or Podiatric Malpractice
- ● Motor Vehicle
- ○ Products Liability: _____ (specify)
- ○ Other Negligence: _____ (specify)
- ○ Other Professional Malpractice: _____ (specify)
- ○ Other Tort: _____ (specify)

## COMMERCIAL
- ○ Business Entity (including corporations, partnerships, LLCs, etc.)
- ○ Contract
- ○ Insurance (where Insurer is a party, except arbitration)
- ○ UCC (including sales, negotiable instruments)
- ○ Other Commercial: _____ (specify)

  **NOTE:** For Commercial Division assignment requests [22 NYCRR § 202.70(d)], complete and attach the COMMERCIAL DIV RJI Addendum.

## REAL PROPERTY: How many properties does the application include? _____
- ○ Condemnation
- ○ Foreclosure
  Property Address: _____ Street Address __ City __ State __ Zip
  **NOTE:** For Foreclosure actions involving a one- to four-family, owner-occupied, residential property, or an owner-occupied condominium, complete and attach the FORECLOSURE RJI Addendum.
- ○ Tax Certiorari - Section: _____ Block: _____ Lot: _____
- ○ Other Real Property: _____ (specify)

## OTHER MATTERS
- ○ Certificate of Incorporation/Dissolution [see NOTE under Commercial]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other: _____ (specify)

## SPECIAL PROCEEDINGS
- ○ CPLR Article 75 (Arbitration)   [see NOTE under Commercial]
- ○ CPLR Article 78 (Body or Officer)
- ○ Election Law
- ○ MHL Article 9.60 (Kendra's Law)
- ○ MHL Article 10 (Sex Offender Confinement-Initial)
- ○ MHL Article 10 (Sex Offender Confinement-Review)
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene: _____ (specify)
- ○ Other Special Proceeding: _____ (specify)

**STATUS OF ACTION OR PROCEEDING:** Answer YES or NO for EVERY question AND enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons w/notice been filed? | ● | ○ | If yes, date filed: 09/18/2013 |
| Is this action/proceeding being filed post-judgment? | ○ | ● | If yes, judgment date: _____ |

## NATURE OF JUDICIAL INTERVENTION — Check ONE box only AND enter additional information where indicated.

- ○ Infant's Compromise
- ○ Note of Issue and/or Certificate of Readiness
- ○ Notice of Medical, Dental, or Podiatric Malpractice — Date Issue Joined: _____
- ○ Notice of Motion — Relief Sought: _____   Return Date: _____
- ○ Notice of Petition — Relief Sought: _____   Return Date: _____
- ○ Order to Show Cause — Relief Sought: _____   Return Date: _____
- ○ Other Ex Parte Application — Relief Sought: _____
- ○ Poor Person Application
- ● Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

## RELATED CASES — List any related actions. For Matrimonial actions, include any related criminal and/or Family Court cases. If additional space is required, complete and attach the RJI Addendum. If none, leave blank.

| Case Title | Index/Case No. | Court | Judge (if assigned) | Relationship to Instant Case |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

## PARTIES — If additional space is required, complete and attach the RJI Addendum. For parties without an attorney, check "Un-Rep" box AND enter party address, phone number and/or e-mail address in the Attorney's space.

| Un-Rep. | Parties — List parties in caption and indicate party role(s) (e.g. defendant, 3rd-party plaintiff) | Attorneys — Provide name, firm name, business address, phone number and e-mail address of all attorneys that have appeared in the case | Issue Joined (Y/N) | Insurance Carrier(s) |
|---|---|---|---|---|
| ☐ | KUNSTENAAR  Last Name<br>CLAUDE  First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Shapey  Last Name   Alan  First Name<br>Lipsig, Shapey, Manus & Moverman  Firm Name<br>40 Fulton St, 25th Fl  Street Address   New York  City   New York  State   10038  Zip<br>+1 (212) 285-3300  Phone   +1 (212) 406-4544  Fax   ashapey@lipsig.com  e-mail | ● YES<br>○ NO | N/A |
| ☐ | KUNSTENAAR  Last Name<br>ADRIANA, an Infant  First Name<br>Primary Role: Plaintiff<br>Secondary Role (if any): | Shapey  Last Name   Alan  First Name<br>Lipsig, Shapey, Manus & Moverman  Firm Name<br>40 Fulton Street, 25th Fl  Street Address   New York  City   New York  State   10038  Zip<br>+1 (212) 285-3300  Phone   +1 (212) 406-4544  Fax   ashapey@lipsig.com  e-mail | ● YES<br>○ NO | N/A |
| ☐ | HERTZ VEHICLES LLC  Last Name<br>First Name<br>Primary Role: Defendant<br>Secondary Role (if any): | DeDonato  Last Name   Joseph  First Name<br>MORGAN MELHUISH ABRUTYN  Firm Name<br>39 Broadway, 17th Floor  Street Address   New York  City   New York  State   10006  Zip<br>+1 (212) 809-1111  Phone   +1 (212) 509-3422  Fax   e-mail | ● YES<br>○ NO | Hertz Claim Management Corp |
| ☐ | BAYER  Last Name<br>ROBERT MICHAEL  First Name<br>Primary Role: Defendant<br>Secondary Role (if any): | DeDonato  Last Name   Joseph  First Name<br>MORGAN MELHUISH ABRUTYN  Firm Name<br>39 Broadway, 17th Floor  Street Address   New York  City   New York  State   10006  Zip<br>+1 (212) 809-1111  Phone   +1 (212) 509-3422  Fax   e-mail | ● YES<br>○ NO | Hertz Claim Management Corp |

I AFFIRM UNDER THE PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 12/09/2013 _____   _____ SIGNATURE

2501005 _____   ALAN M. SHAPEY   PRINT OR TYPE NAME
ATTORNEY REGISTRATION NUMBER



# NYSCEF - New York County Supreme Court

## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

### CLAUDE KUNSTENAAR et al - v. - HERTZ VEHICLES LLC et al

### 158544/2013

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|-------|---------------|----------|---------------|
| 9 | RJI-RE: REQUEST FOR PRELIMINARY CONFERENCE | | 12/09/2013 04:16 PM |

## Filing User

Name:    **ALAN M SHAPEY**
Phone    212-285-3300
Fax #:

E-mail Address:   ashapey@lipsig.com
Work Address:   40 Fulton St., 25th Fl
New York, NY 10038

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 12/09/2013 04:16 PM:

MANUS, MARK JOHN - info@lipsig.com
SHAPEY, ALAN M - ashapey@lipsig.com

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

FILED: NEW YORK COUNTY CLERK 12/17/2013

NYSCEF DOC. NO. 10

INDEX NO. 158544/2013

RECEIVED NYSCEF: 12/17/2013

Supreme Court of the State of New York
New York County Courthouse
80 Centre Street
New York, New York 10013

## DIFFERENTIATED CASE MANAGEMENT PROGRAM

PRESENT: HON. Arlene P. Bluth                                    PART 22-DCM

Dec 17, 2013

To: MORGAN MELHUISH ABRUTYN        (For Defendant)
39 BROADWAY, 17TH FL
NEW YORK, NY        10006

Index # 0158544/2013

KUNSTENAAR, CLAUDE                           PLAINTIFF

V
HERTZ VEHICLES LLC                              DEFENDANT

## CASE SCHEDULING ORDER

A request for a preliminary conference having been filed or the court having taken action on its own initiative,

   IT IS HEREBY ORDERED that this case is assigned to the Motor Vehicle Part, having been designated as a Motor Vehicle action and disclosure not already furnished shall proceed in accordance with the deadlines set forth below. If this has been designated a Motor Vehicle action in error, the parties are to notify the Case Management Coordinator immediately. Harold Snipe Case Management Coordinator, may be contacted at the Case Management Office (by phone at 646-386-3682, fax at 212-952-2779 , or e-mail at hsnipe@courts.state.ny.us) . The parties shall not in the first instance contact the Justice assigned.

NONE OF THE DATES IN THE ORDER MAY BE EXTENDED WITHOUT ADVANCE APPROVAL BY THE COURT. All requests for extensions shall be directed to the Case Management Office in the first instance.

(1) Mandatory Notification: The attorney who receives a copy of this Order shall, within ten days from receipt, transmit a copy to counsel for all parties who have appeared in the case and to all self-represented litigants and shall, by January 7, 2014 file with the **County Clerk an original affidavit of service or a letter setting forth dates the parties were served. In the event the above action has been Electronically Filed (E-Filed) the original affidavit or letter shall be electronically filed.

(2) Insurance Information: All parties shall exchange insurance and coverage information by January 28, 2014.

(3) Bill of Particulars: A demand shall be served by January 14, 2014. A bill(s) shall be served by January 28, 2014.

(4) Authorizations: Authorizations for HIPAA compliant medical records and for employment records for two years prior to the accident shall be served by January 14, 2014.

   ¹ This is a conformed copy. The original order has been or will be filed with the County Clerk .

Index # 0158544/2013  Case of KUNSTENAAR, CLAUDE    vs.   HERTZ VEHICLES LLC

(5) <u>Witness and Other Information:</u> All parties shall exchange statements of opposing parties, photographs, and the names and addresses of all fact witnesses by **January 27, 2014.** If any of these items do not exist, the parties shall serve by that date an affirmation clearly so specifying.

(6) <u>Depositions:</u> All depositions must be completed by **May 13, 2014.** Plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption. Within 20 days from service of a copy of this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. If a witness thereafter is unable to appear as scheduled, the parties shall confer and attempt to agree upon a resolution of the problem, including, if necessary, an alternative schedule or order of production. However, absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above.

(7) <u>Demands for Documents:</u> Demands for documents shall be served no later than 10 days after completion of depositions and shall be responded to within 20 days from service.

(8) <u>Physical Examinations and Reports (Uniform Rule 202.17):</u> Physical examination(s) of the plaintiff shall be completed by **June 24, 2014.** The examining party shall notify all other parties of the identity of the examining physician at least 20 days prior to said examination. Copies of medical reports shall be served by plaintiff at least 15 days prior to said examination. A copy of the report of the examining physician shall be served on all parties within 21 days of said examination.

(9) <u>Other Disclosure:</u> All other disclosure shall be completed by **June 10, 2014.**

(10) <u>Impleader:</u> Shall be completed by **June 10, 2014.**

(11) <u>Mandatory Compliance Conference:</u> Will be held on **July 7, 2014 at 9:30 am at 80 Centre Street, Room 103.**

(12) <u>Note of Issue:</u> Shall be determined at the final compliance conference. Should all discovery be completed prior to any scheduled compliance conference date, parties may submit a stipulation to be so ordered by mail or fax to the Case Management Office prior to such date, indicating all discovery has been completed and providing for the filing of the Note of Issue. Parties <u>MAY NOT</u> file their Note of Issue without court order. Notes of Issue filed without court order may be stricken sua sponte.

(13) <u>Summary Judgment Motions:</u> Summary judgment motions shall be made no later than 60 days after filing of the note of issue (CPLR 3212 (a)).

## RESOLUTION OF DISPUTES/PENALTIES FOR NON-COMPLIANCE

If disputes arise about compliance with this Order, the parties shall promptly confer in an effort to resolve them. If that effort fails, the parties shall immediately, in advance of deadlines and prior to initiating motion practice, bring the dispute to the attention of the Case Management Office (not the assigned Justice) and shall participate in any telephonic or court conference that Office may require. Absent good cause, failure to raise discovery problems with that Office immediately, in advance of deadlines, other non-compliance with this Order, or failure to comply with any Disclosure Reminder Notice transmitted by that Office may result in the imposition of penalties upon the offending party and, where warranted, upon counsel. Such penalties may include waiver of the discovery, preclusion, dismissal, striking of an answer, costs, sanctions, and attorney's fees. Counsel should be particularly aware that penalties may be imposed in the event of the failure of a defendant to give notice of, designate a physician for, schedule, or conduct an examination of plaintiff as set forth herein, the failure of said defendant to serve a report as set forth herein, the failure of plaintiff to appear at an examination as required, and the failure of a party to schedule or attend a deposition.

Dec 17, 2013

Hon. Arlene P. Bluth
J.S.C.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

CLAUDE KUNSTENAAR, as Father and Natural
Guardian of ADRIANA KUNSTENAAR, and infant,
and CLAUDE KUNSTENAAR, Individually,

**VERIFIED BILL OF
PARTICULARS**

Plaintiffs,

Index No. 158544/13

-against-

HERTZ VEHICLES LLC and ROBERT MICHAEL
BAYER,

Defendants.
-------------------------------------------------------------------x

Plaintiffs, by their attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as

and for their Verified Bill of Particulars, responsive to the demands of defendants, state

the following upon information and belief:

1.     Plaintiffs' present residence address is 501 E. 79th Street, New York, New

York 10075.

2.     The date and approximate time of day of the occurrence was February 25,

2013 at approximately 5:55 p.m.

3.     The approximate location of the happening of the occurrence is York

Avenue and East 86th Street, New York, New York.

4.     The infant plaintiff, a pedestrian, was attempting to cross York Avenue, in

the crosswalk, at its intersection with 86th Street, New York, New York, when she was

struck by the front of the defendants' motor vehicle, which was traveling southbound on

York Avenue.

5.     At the time and place of the occurrence, defendants were negligent,

careless and reckless in the ownership, operation, maintenance, management, control

and repair of their motor vehicles, as follows: defendant ROBERT MICHAEL BAYER,

was negligent in striking the infant plaintiff, while operating a vehicle owned by the

defendant and HERTZ VEHICLES LLC, as she was crossing the street, in the

crosswalk, without taking proper precautions, in violation of the law; in negligently failing to yield the right of way tot eh infant plaintiff, a pedestrian; in negligently operating said motor vehicle at an excessive rate of speed under the circumstances then and there existing; in failing to observe the infant plaintiff crossing the street from a sufficient distance so defendant would have been able to stop; in failing to stop, slow down, swerve, honk, warn, or otherwise take evasive maneuvers, or to otherwise use reasonable care, to avoid colliding with the infant plaintiff; in disregarding the traffic signals at the intersection; in failing to slow down; in negligently entrusting the vehicle to defendant, ROBERT MICHAEL BAYER; in failing to keep the brakes and steering mechanisms of the vehicle in good repair; in failing to yield the right of way to the infant plaintiff who was lawfully in the crosswalk at the time of the incident; in failing to exercise due care to avoid colliding with the infant plaintiff, a pedestrian; in exceeding the speed limit; in failing to take cognizance of the roadway conditions then and there existing; in negligently, carelessly and recklessly striking the infant plaintiff/pedestrian; in failing to apply the brakes in time to avoid this occurrence; in failing to look; in failing to see; in failing to obey the rules of the road; in failing to give notice or warning; in failing to have said vehicle in proper operating condition; in failing to properly use the steering mechanism of their motor vehicle; in operating the aforesaid motor vehicle in such a careless manner as to fail to see the infant plaintiff crossing and in failing to yield the right-of-way; in failing to observe the plaintiff/pedestrian in time to avoid this occurrence; in failing to pay attention to the surroundings, and in otherwise acting in a negligent manner.

Plaintiff will ask the Court to take judicial notice of all statutes, laws, ordinances, rules and regulations which was violated by the defendant as deliniateted above, and including but not limited to the following:

<u>Title VII of the New York State Vehicle and Traffic Law Sections</u>

a)    §375         - Equipment.

b) §376 - a   - Defective equipment.

c) §388   - Negligence in use or operation of vehicle attributable to owner.

d) §1110(a)   - Owner liability for failure of operator to comply with traffic- control indications.

e) §1111   - Traffic control signal indications.

f) §1146   - Driver to exercise due care.

g) §1180 (a) and (d) - Speed Restrictions.  Basic rule and maximum limits.

h) §1212   - Reckless driving.

i) §1225 (c)   - Use of mobile telephones.

j) §1226   - Control of steering mechanism.

The New York City Traffic Rules and Regulations

a) §4-02   - Compliance with and effect of traffic rules.

b) §4-03   - Traffic signals.

c) §4-04   - Pedestrians.

d) §4-06   - Speed restrictions.

e) §4-09   - Equipment.

Plaintiff will ask the trial court to take judicial notice of all additional statutes, ordinances, rules and regulations it is claimed, and the evidence shows, that defendants may have violated.

6.    Neither actual or constructive notice is a prerequisite to maintaining this action.

7.    See response to item "6".

8.    See response to item "6".

9. &10.        Due to defendant negligence, the infant plaintiff, ADRIANA

KUNSTENAAR, sustained the following injuries:

- COMMINUTED, INTRA- ARTICULAR FRACTURE OF THE DISTAL RIGHT RADIUS;

- OPEN PATELLAR FRACTURE, LEFT KNEE;

- OPEN TRAUMATIC WOUND LEFT KNEE;

- TRAUMATIC ARTHROTOMY, LEFT KNEE OPERATION, INCISION AND DRAINAGE OF LEFT OPEN PATELLAR FRACTURE;

- SURGICAL REPAIR OF THE PATELLAR TENDON INVOLVING SUTURES AND DRILL HOLES TO FACILITATE AND AUGMENT THE EXTENSOR MECHANISM REPAIR;

- COMPLEX WOUND CLOSURE TO LEFT KNEE;

- SCARRING OF THE LEFT KNEE;

- PARTIAL PATELLAR TENDON TEAR AND, RUPTURE AND AVULSION, LEFT KNEE REQUIRING OPERATIVE REPAIR;

- DEEP LEFT KNEE LACERATION;

- INTRA-ARTICULAR FRACTURE OF THE DISTAL RIGHT 3RD,4TH AND 5TH PHALANGES;

- LACERATION NEAR THE LEFT EYEBROW;

- TRAUMATIC ARTHRITIS OF THE LEFT KNEE, RIGHT WRIST AND RIGHT FOOT;

- POSSIBLE NECESSITY OF FUTURE SURGERY, INCLUDING BUT NTO LIMITED TO, COSMETIC SURGERY;

- DIFFICULTY SLEEPING DUE TO PAIN;

- FUTURE DEVELOPMENT OF ARTHRITIS AT FRACTURE SITES;

- PAIN, SWELLING, TENDERNESS, LIMITATION OF MOTION, IMPAIR-MENT OF FUNCTION AND ARTHRITIC CHANGES INVOLVING THE SKIN, BONE, MUSCLE, CARTILAGE, LIGAMENTS, TENDONS, JOINTS, BLOOD VESSELS, NERVOUS SYSTEM, LYMPHATIC SYSTEM AND OTHER TISSUES OF THE AFFECTED AND SURROUNDING AREAS.

- UPON INFORMATION AND BELIEF, ALL OF THE FOREGOING INJURIES ARE PERMANENT, EXCEPT FOR THOSE CONTUSIONS AND ABRASIONS WHICH HAVE HEALED.

11.   The infant plaintiff was confined to bed while at New York Presbyterian Hospital New York Presbyterian Hospital - Weill Cornell Medical Center, from February 25, 2013 to March 8, 2013. She was confined to home from February 26, 2013 to approximately April 1, 2013.

12.   The infant plaintiff was hospitalized at New York Presbyterian Hospital New York Presbyterian Hospital - Weill Cornell Medical Center, 525 East 68th Street, New York, NY 10065 from February 25, 2013 to March 8, 2013.

13.   The infant plaintiff received treatment from the following:

-   New York Presbyterian Hospital New York Presbyterian
    525 East 68th Street, New York, NY 10065

-   Department of Pediatrics
    Weill Cornell Medical College
    525 East 68th Street, New York, NY 10065

-   Hospital for Special Surgery
    520 East 70th Street, New York, NY 10021

-   Premier Physical Therapy and Wellness
    170 East 77th Street, Prof. Unit 2, New York, NY 10075

-   Visiting Nurse Service of New York
    1250 Broadway, 2nd Floor, New York, NY 10001

-   Landauer Metropolitan, Inc.
    1 Bradford Road, Mount Vernon, NY 10553
    (provider of assistive devices such as wheelchairs, walkers, raised toilet seat, benches)

-   Dean G. Lorich M.D., P.C.
    520 East 70th Street, New York, NY 10021

-   Upper East Side Pediatrics
    215 East 79th Street, New York, NY 10075

-   Henry M. Spinelli, M.D.
    875 Fifth Avenue, New York, NY 10021

14.   Not applicable. The infant plaintiff was a 10th grade student at Birch Wathen Lenox School, 210 East 71st Street, New York, New York. She missed attending classes from February 26, 2013 to April 1, 2013.

15.     This demand cannot be responded to as it is unknown how defendants define "totally disabled".

16.     This demand cannot be responded to as it is unknown how defendants define "partially disabled."

17.     According to no-fault billing records, payments have been made totaling $32,232.66 to medical providers as of September 23, 2013. However, the total bill for the infant plaintiff's admission to New York Presbyterian Hospital was $111,583.52.

18.     The infant plaintiff was born on January 15, 1997.

19.     See response to item "5" above.

20.     Plaintiff, CLAUDE KUNSTENAAR, has lost the care, comfort and services of his daughter during the period of time when she was injured and recovering from her severe injuries.  Plaintiff is entitled to an award for the pecuniary losses he has suffered including the reasonable value of his daughter's services of which he has been deprived.

21.     Not applicable as plaintiff is not making a claim for loss or damage to an item of personal property.

22.     Not applicable as plaintiff is not making a claim for damage to real property.

23.     Not applicable.

24.     Plaintiff's Social Security number is not discoverable.

25.     Yes.

26.     The defendant, HERTZ VEHICLES LLC, has provided no fault benefits.

27.     The infant plaintiff has sustained a serious injury as follows:

-       A fracture; dismemberment; significant disfigurement;
        permanent loss of use of a body organ, member,
        function or system; permanent consequential limitation

of use of a body organ or member; significant limitation of use of a body function or system; permanent consequential limitation of use of a body organ or member; a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment.

28.   Not an appropriate demand for a Bill of Particulars.


DATED:      New York, New York
            December 10, 2013


                    Yours, etc.,

                    LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.


            By _____
                    ALAN M. SHAPEY
                    Attorneys for Plaintiffs
                    40 Fulton Street, 25th Floor
                    New York, NY 10038
                    212-285-3300


TO:   MORGAN MELHUISH ABRUTYN
      Attorneys for defendants
      39 Broadway, 17th Floor
      New York, New York 10006
      212-809-1111
      File #: HCM 33-620 JDD
      Joseph DeDonato, Esq.

*VERIFICATION*

ALAN M. SHAPEY, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am a member of the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiffs herein.

I have read the foregoing Bill of Particular and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

DATED:   New York, New York
         December 10, 2013

                                            ALAN M. SHAPEY

FILED: NEW YORK COUNTY CLERK 12/17/2013 of New York

INDEX NO. 158544/2013

NYSCEF DOC. NO. 10

New York County Courthouse
80 Centre Street
New York, New York 10013

RECEIVED NYSCEF: 12/17/2013

## DIFFERENTIATED CASE MANAGEMENT PROGRAM

PRESENT: HON. Arlene P. Bluth

PART 22-DCM

Dec 17, 2013

To: MORGAN MELHUISH ABRUTYN        (For Defendant)
39 BROADWAY, 17TH FL
NEW YORK, NY        10006

Index # 0158544/2013

KUNSTENAAR, CLAUDE        PLAINTIFF

V

HERTZ VEHICLES LLC        DEFENDANT

## CASE SCHEDULING ORDER

A request for a preliminary conference having been filed or the court having taken action on its own initiative,

IT IS HEREBY ORDERED that this case is assigned to the **Motor Vehicle Part**, having been designated as a Motor Vehicle action and disclosure not already furnished shall proceed in accordance with the deadlines set forth below. **If this has been designated a Motor Vehicle action in error, the parties are to notify the Case Management Coordinator immediately.** Harold Snipe Case Management Coordinator, may be contacted at the Case Management Office (by phone at 646-386-3682, fax at 212-952-2779 , or e-mail at hsnipe@courts.state.ny.us) . The parties shall not in the first instance contact the Justice assigned.

NONE OF THE DATES IN THE ORDER MAY BE EXTENDED WITHOUT ADVANCE APPROVAL BY THE COURT.   All requests for extensions shall be directed to the Case Management Office in the first instance.

(1) Mandatory Notification:  The attorney who receives a copy of this Order shall, within ten days from receipt, transmit a copy to counsel for all parties who have appeared in the case and to all self-represented litigants and shall, by January 7, 2014 file with the **County Clerk an original affidavit of service or a letter setting forth dates the parties were served. In the event the above action has been Electronically Filed (E-Filed) the original affidavit or letter shall be electronically filed.

(2) Insurance Information:  All parties shall exchange insurance and coverage information by  January 28, 2014.

(3) Bill of Particulars:  A demand shall be served by  January 14, 2014.  A bill(s) shall be served by  January 28, 2014.

(4) Authorizations:  Authorizations for HIPAA compliant medical records and for employment records for two years prior to the accident shall be served by  January 14, 2014.

¹ This is a conformed copy. The original order has been or will be filed with the County Clerk .

Index # 0158544/2013 Case of KUNSTENAAR, CLAUDE     vs.  HERTZ VEHICLES LLC

(5) <u>Witness and Other Information:</u>  All parties shall exchange statements of opposing parties, photographs, and the names and addresses of all fact witnesses by **January 27, 2014**.  If any of these items do not exist, the parties shall serve by that date an affirmation clearly so specifying .

(6) <u>Depositions:</u> All depositions must be completed by **May 13, 2014**.  Plaintiff shall be deposed first and defendants shall be deposed in the order in which their names appear in the caption.  Within 20 days from service of a copy of this Order, the parties shall confer and agree upon a detailed schedule in compliance with this deadline. If a witness thereafter is unable to appear as scheduled, the parties shall confer and attempt to agree upon a resolution of the problem, including, if necessary, an alternative schedule or order of production.  However, absent extraordinary circumstances, the failure of one defendant to appear as scheduled shall not constitute an excuse for the refusal of others to submit to deposition as scheduled and within the deadline fixed above.

(7) <u>Demands for Documents:</u>  Demands for documents shall be served no later than 10 days after completion of depositions and shall be responded to within 20 days from service.

(8) <u>Physical Examinations and Reports (Uniform Rule 202.17):</u> Physical examination(s) of the plaintiff shall be completed by **June 24, 2014**.  The examining party shall notify all other parties of the identity of the examining physician at least 20 days prior to said examination.  Copies of medical reports shall be served by plaintiff at least 15 days prior to said examination.  A copy of the report of the examining physician shall be served on all parties within 21 days of said examination.

(9) <u>Other Disclosure:</u>  All other disclosure shall be completed by **June 10, 2014**.

(10) <u>Impleader:</u>  Shall be completed by **June 10, 2014**.

(11) <u>Mandatory Compliance Conference:</u>  Will be held on **July 7, 2014 at 9:30 am at 80 Centre Street, Room 103**.

(12) <u>Note of Issue:</u>  **Shall be determined at the final compliance conference.  Should all discovery be completed prior to any scheduled compliance conference date, parties may submit a stipulation to be so ordered by mail or fax to the Case Management Office prior to such date, indicating all discovery has been completed and providing for the filing of the Note of Issue.  Parties <u>MAY NOT</u> file their Note of Issue without court order.  Notes of Issue filed without court order may be stricken sua sponte.**

(13) <u>Summary Judgment Motions:</u> Summary judgment motions shall be made no later than 60 days after filing of the note of issue (CPLR 3212 (a).

RESOLUTION OF DISPUTES/PENALTIES FOR NON-COMPLIANCE

**If disputes arise about compliance with this Order, the parties shall promptly confer in an effort to resolve them.  If that effort fails, the parties shall immediately, in advance of deadlines and prior to initiating motion practice, bring the dispute to the attention of the Case Management Office (not the assigned Justice) and shall participate in any telephonic or court conference that Office may require.**  Absent good cause, failure to raise discovery problems with that Office immediately, in advance of deadlines, other non-compliance with this Order, or failure to comply with any Disclosure Reminder Notice transmitted by that Office may result in the imposition of penalties upon the offending party and, where warranted, upon counsel.  Such penalties may include waiver of the discovery, preclusion, dismissal, striking of an answer, costs, sanctions, and attorney's fees.  Counsel should be particularly aware that penalties may be imposed in the event of the failure of a defendant to give notice of, designate a physician for, schedule, or conduct an examination of plaintiff as set forth herein, the failure of said defendant to serve a report as set forth herein, the failure of plaintiff to appear at an examination as required, and the failure of a party to schedule or attend a deposition.

Dec 17, 2013

Hon. Arlene P. Bluth
J.S.C.

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
CLAUDE KUNSTENAAR, as Father and Natural
Guardian of ADRIANA KUNSTENAAR, and infant,
and CLAUDE KUNSTENAAR, Individually,

                            Plaintiffs,

              -against-

HERTZ VEHICLES LLC and ROBERT MICHAEL
BAYER,

                          Defendants.
-------------------------------------------------------------------x

**VERIFIED
RESPONSE TO
DEMAND PURSUANT
TO CPLR § 3017(c)**

Index No. 158544/13

       Plaintiffs, by their attorneys, LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., as

and for their response to the defendants' Supplemental Demand, pursuant to CPLR

§3017(c), hereby states that, due to the severe and permanent nature of the infant

plaintiff's injuries, the likelihood of future medical care, the permanent and disfiguring

cosmetic deformity of her left lower extremity, and her life expectancy of approximately

63 more years, total damages are claimed in the amount of $2,500,000 to $4,000,000.

       Plaintiffs reserve the right to amend or modify this response at any time prior to

trial, and are not in any way bound should a jury determine that a greater award is fair

and appropriate under the circumstances.


DATED:     New York, New York
            January 30, 2014

                        Yours, etc.,

                        LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C.

          By _____

               ALAN M. SHAPEY
               Attorneys for Plaintiffs
               40 Fulton Street, 25th Floor
               New York, NY 10038
               212-285-3300

TO:     MORGAN MELHUISH ABRUTYN
        Attorneys for defendants
        39 Broadway, 17th Floor
        New York, New York 10006
        212-809-1111
        File #: HCM 33-620 JDD
        Joseph DeDonato, Esq.

*VERIFICATION*

ALAN M. SHAPEY, an attorney duly admitted to practice law in the State of New York, affirms the following under penalty of perjury:

I am a member of the law firm of LIPSIG, SHAPEY, MANUS & MOVERMAN, P.C., attorneys for the plaintiffs herein.

I have read the foregoing Demand Pursuant To CPLR § 3017(c) and know the contents thereof, and upon information and belief your affirmant believes the matters therein alleged to be true.

The source of your affirmant's information and the grounds of his belief are communications, papers, reports and investigations contained in the file.

DATED:   New York, New York
         January 30, 2014

_____
ALAN M. SHAPEY