UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CLAUDE KUNSTENAAR, *as Father and Natural*                              :
*Guardian of Adriana Kunstenaar, an infant*; and                        :    14 Civ. 1101 (PAE)
CLAUDE KUNSTENAAR, *individually*,                                      :
                                                                        :    OPINION & ORDER
                                                                        :
                                    Plaintiffs,                         :
                                                                        :
            -v-                                                         :
                                                                        :
HERTZ VEHICLES, LLC; and                                                :
ROBERT MICHAEL BAUER                                                    :
                                                                        :
                                    Defendants.                         :
                                                                        :
------------------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

        Claude Kunstenaar, both individually and as father and natural guardian of a minor, Adriana Kunstenaar (collectively, "plaintiffs"), filed this personal injury action in the Supreme Court of the State of New York against defendants Hertz Vehicles, LLC ("Hertz") and Robert Michael Bauer ("Bauer") (collectively, "defendants"). Defendants sought removal based on diversity jurisdiction. Plaintiffs moved to remand.

        For the reasons that follow, plaintiffs' motion to remand is denied.

**I.     Background**[1]

        This action for damages arises from an automobile accident that occurred on February 25, 2013. Plaintiffs allege that Bauer, driving a car he rented from Hertz, struck Adriana Kunstenaar

---

[1] The facts forming the background of the Opinion are drawn from the Complaint ("Compl.") (Dkt. 2 Ex. A). In resolving this motion, the Court treats all factual allegations in the Complaint as true. *See Federal Ins. Co. v. Internt'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (citations omitted)). The Court also considered documents provided by the Declaration of

while she was in the crosswalk at York Avenue and East 86th Street in Manhattan, causing serious injuries under Section 5102(d) of the New York State Insurance Law.  Plaintiffs allege that both Bauer and Hertz are liable for damages resulting from these injuries.

Plaintiffs' original Complaint was filed in the Supreme Court of the State of New York on September 18, 2013.  Dkt. 2, Ex. A.  Pursuant to New York C.P.L.R. § 3017(c), the Complaint did not state the amount of monetary damages sought.[2]  Defendants served their answer on October 31, 2013, and on the same date, served a request for a bill of particulars and a supplemental demand for a statement of damages under CPLR § 3017(c).  DeDonato Decl. Ex. A.

On December 10, 2013, plaintiffs responded to defendants' demand for a bill of particulars.  *Id.* Ex. B.  On December 17, 2013, defendants sent a letter to plaintiffs' counsel, stating that while they had received the bill of particulars, they had not "receive[d] a statement of damages."  *Id.* Ex. C.  On January 2, 2014, defendants sent another letter to plaintiffs' counsel, requesting again a response to the demand for statement of damages.  *Id.* Ex. D.  On January 28,

---

Joseph DeDonato in Opposition to Motion to Remand ("DeDonato Decl.") (Dkt. 6), and the documents attached thereto.  *See Arseneault v. Congoleum*, No. 01 Civ. 10657 (LMM), 2002 WL 472256, at *6 (S.D.N.Y. March 26, 2002), *reconsideration denied*, 2002 WL 531006 (S.D.N.Y. Apr. 8, 2002) ("The Second Circuit . . . has said that, on jurisdictional issues, federal courts may look outside the pleadings to other evidence in the record," and therefore the court will consider "material outside of the pleadings" submitted on a motion to remand).

[2] New York C.P.L.R. § 3017(c) provides:

> In an action to recover damages for personal injuries or wrongful death, the complaint . . . shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled. . . . Provided, however, that a party against whom an action to recover damages for personal injuries or wrongful death is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

2014, defendants filed, in the New York State Supreme Court, a motion to compel plaintiffs to respond to the demand for a supplemental statement of damages pursuant to CPLR Section 3017(c). *Id.* Ex. E. Finally, on January 30, 2014, plaintiffs responded to defendants' CPLR § 3017(c) demand. *Id.* Ex. F. In that response, plaintiffs estimated damages of between $2.5 million and $4 million. *Id.*

On February 21, 2014, defendants filed a notice of removal to this Court. Dkt. 2. On March 13, 2013, plaintiffs moved to remand pursuant to 28 U.S.C. § 1447(c), asserting solely that defendants' removal had been untimely. Dkt. 4 ("Pl. Br."). On March 19, 2014, defendants opposed plaintiffs' motion to remand. Dkt. 6 ("Def. Br."). On March 24, 2014, plaintiffs submitted a reply. Dkt. 8 ("Pl. Rep. Br.").

**II.     Discussion**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases "between . . . citizens of different states," where the amount in controversy exceeds $75,000. *Id.* § 1332(a). On a motion to remand, "the defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Employees' Ret. Sys. v. Worldcom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).

Here, plaintiffs' motion to remand turns entirely on whether defendants' notice of removal was timely under 28 U.S.C. § 1446(b)(3), which, in relevant part, states:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

*Id.* In the Second Circuit, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

It is uncontested that plaintiffs' Complaint does not specify the amount of damages sought. Accordingly, on October 31, 2013, defendants properly served, with their Answer, a supplemental demand for a statement of damages under CPLR § 3017(c). DeDonato Decl. Ex. A. Defendants requested a response from plaintiff within 15 days. *Id*. Plaintiffs, however, did not respond—despite numerous requests from defendants—until January 30, 2014. *Id.* Ex. B. Within 22 days of receiving plaintiffs' damages estimate of between $2.5 million and $4 million, defendants filed their notice of removal.

To justify remand, plaintiffs argue that their bill of particulars statement—which was provided on December 10, 2013—should have enabled defendants to "ascertain that the damages sought by the plaintiffs met the amount-in-controversy requirement of 28 U.S.C. § 1332." Pl. Br. 2. Specifically, plaintiffs relies on paragraph 17 of the bill of particulars, which states that, as of September 23, 2013, payments totaling $32,232.66 had been made to medical providers, and that the total bill from New York Presbyterian Hospital was $111,583.52. DeDonato Decl. Ex. B. Plaintiffs assert that this paragraph "set forth monetary damages (through the medical bills alone) that exceeded the $75,000 amount-in-controversy requirement." Pl. Br. 2.

The Court has closely scrutinized plaintiffs' bill of particulars. Fairly read, paragraph 17 is not a clear statement that damages would exceed $75,000. Rather, that paragraph could be read to mean that only $32,232.66 in medical bills had been paid, which would arguably mean that medical costs were *less* than $75,000. Although the fact that *billings* had exceeded $75,000 would have hinted to the defendants that the case was removable, an oblique reference to

4

medical bills, standing alone, is not the explicit statement of "monetary damages sought" required by the Second Circuit. *Moltner*, 624 F.3d at 35; *see also Salinas v. Mirfakhraie*, No. 12 Civ. 4483 (HB) (FM), 2012 WL 3642419 (S.D.N.Y. Aug. 24, 2012) (denying plaintiffs' motion to remand, as the documents provided to defendants did not contain an explicit statement of damages).

Here, defendants repeatedly sought from plaintiffs a clear statement of damages. Once plaintiffs belatedly provided that statement, on January 30, 2014, defendants moved to remand within 30 days. Accordingly, defendants' notice of removal was timely under 28 U.S.C. § 1446(b)(3).

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to remand this case to New York State Supreme Court is denied. The Clerk of Court is respectfully directed to terminate all pending motions in this case. In a separate Order, the Court will set a date and time for the parties to appear for an initial pretrial conference.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: April 14, 2014
       New York, New York

5